IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERESA VALENCIA<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER DISMISSING PLAINTIFF'S MOTIONS<br><br><br><br>Case No. 2:06-CV-00328 PGC<br>Case No. 2:03-CR-00201 PGC |

Plaintiff Teresa Velencia has brought a motion to this court "requiring burden of proof of jurisdiction, grand jury qualification, and United States District Court for the District of Utah, Central Division as an Article III court" [#5]. The court previously dismissed Ms. Vallencia's 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence on April 20, 2006 [#4]. Generally, a § 2255 motion must be filed within one year from the date of final judgment of conviction.[1] Since Ms. Valencia's judgment of conviction was completed on August 19, 2003, she filed her § 2255 motion two and a half years late, on April 18, 2006. The court found that Ms. Valencia failed to demonstrate that any of the recognized exceptions[2] applied to her case and

---

[1] 28 U.S.C. § 2255.

[2] *See* 28 U.S.C. § 2255 (listing three exceptions to the general rule).

dismissed her § 2255 motion.  At that time, the court also closed her case [#4].

Ms. Valencia's current motion before the court appears to request proof of this court's Article III status, proof of its jurisdiction over Ms. Valencia's crimes, and requests a list of the grand jurors of the District of Utah.  Such a motion appears to be an effective attack on her criminal sentence.  Ms. Valencia has not appealed her sentence to the Tenth Circuit, and the court views this motion as a successive § 2255 motion.  The court finds it proper to construe Ms. Valencia's motion as a motion to correct her sentence, which falls within the ambit of 28 U.S.C. § 2255.  Because the current motion is a second § 2255 motion, Ms. Valencia must meet certain criteria:[3]

> A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact fined would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[4]

Ms. Valencia has not provided this required certification from the Tenth Circuit and thus has failed to meet her burden for filing a second or successive 28 U.S.C. § 2255 motion.  Accordingly, the court lacks jurisdiction to consider this motion and DISMISSES the instant motion [#5].

Additionally, the court notes that it is quite certain it is an Article III court, as established in the Constitution.  It is also quite certain that it had jurisdiction over Ms. Valencia's crimes.  In

---

[3] 28 U.S.C. § 2255.

[4] *Id*.

any event, Ms. Valencia has certain remedies through which to challenge the court's jurisdiction, which she failed to do during the criminal proceeding or previously before this court. Finally, the court declines in its discretion to provide the grand jury list to Ms. Valencia, finding Ms. Valencia has not provided any meritorious reason for the court to provide such records.

    Ms. Valencia's motion [#5] is DISMISSED. This case is to remain closed. No further filings will be accepted by the court from Ms. Valencia absent her application to this court for leave to file.

    DATED this 17th day of May, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge